T.C. Summary Opinion 2015-59


UNITED STATES TAX COURT


MILLION HUSSEIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21394-13S.                     Filed September 29, 2015.


Million Hussein, pro se.

Michael S. Hensley, for respondent.


SUMMARY OPINION


CHIECHI, Judge:  This case was heard pursuant to the provisions of section

7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursu-

---

[1]Hereinafter, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

ant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax (tax) for his taxable year 2011 of $1,577.

We must decide whether the $3,843 that petitioner concedes he received during 2011 from the Health & Human Services Agency of the County of San Diego, California, is includible as nonemployee compensation in his gross income for his taxable year 2011.[2] We hold that it is.

## Background

Some of the facts have been stipulated and are so found.

Petitioner resided in California at the time he filed the petition.

During 2011, petitioner, Million Hussein (Mr. Hussein), was employed by SDH Services West, LLC (SDH Services), to perform housekeeping services in hospitals and by the San Diego Unified School District to serve food to students at school.

---

[2]There are other issues (self-employment tax issues) for petitioner's taxable year 2011, namely, whether petitioner is liable for, and entitled to a deduction in part for, increased self-employment tax attributable to the $3,843 that petitioner concedes he received and that respondent claims is nonemployee compensation for that year. Resolution of the self-employment tax issues is computational in that our resolving whether that $3,843 is includible as nonemployee compensation in petitioner's gross income for his taxable year 2011 will resolve those issues.

In 2011, Mr. Hussein submitted an application to the Health & Human Services Agency of the County of San Diego, California (San Diego Health & Human Services), for a family child care home license, which that agency approved.

During 2011, Mr. Hussein worked as a caretaker for certain children. His caretaking responsibilities for those children included transporting the children to and from school and entertaining them after school.

During the summer of 2011, Mr. Hussein received a check for $3,843 from San Diego Health & Human Services for his caretaking activities.

SDH Services issued to Mr. Hussein Form W-2, Wage and Tax Statement (Form W-2), for his taxable year 2011 that showed $20,117 of wage income. The San Diego Unified School District issued to Mr. Hussein Form W-2 for his taxable year 2011 that showed $1,294 of wage income. (We shall refer collectively to the respective amounts of wage income shown in the respective Forms W-2 that SDH Services and the San Diego Unified School District issued to Mr. Hussein for his taxable year 2011 as Form W-2 wages.)

Mr. Hussein filed Form 1040, U.S. Individual Income Tax Return, for his taxable year 2011 (2011 return). In that return, Mr. Hussein reported the Form W-2 wages. Mr. Hussein did not report in his 2011 return the $3,843 that he

received during 2011 for his caretaking activities from San Diego Health & Human Services.

Respondent issued a notice of deficiency (notice) to Mr. Hussein for his taxable year 2011. In that notice, respondent determined, inter alia, that Mr. Hussein had failed to include in his gross income $3,843 of nonemployee compensation he had received during his taxable year 2011.

## Discussion

Mr. Hussein bears the burden of establishing that the determinations in the notice are wrong. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In paragraph 12 of the stipulation of facts that Mr. Hussein and respondent signed more than three months before the trial in this case, they stipulated: "During the 2011 tax year, petitioner received $3,843.00 of nonemployee compensation from the County of San Diego Health & Human Services Agency * * * in connection with his caretaking activities." Shortly before the Court's trial session in San Diego, California, commenced on February 2, 2015, Mr. Hussein signed a decision document that respondent had prepared reflecting, inter alia, that paragraph of the parties' stipulation of facts. Several days thereafter, but before that trial session had begun, Mr. Hussein informed respondent's counsel that he wanted to have a trial.

We must decide whether the $3,843 that petitioner concedes he received during 2011 from San Diego Health & Human Services for certain caretaking activities is includible as nonemployee compensation in his gross income for his taxable year 2011. Before turning to our consideration of that issue, we note that we found the testimony of Mr. Hussein, the only witness at trial, to be in certain material respects vague, confusing, and/or difficult to comprehend.

At trial, respondent's counsel gave petitioner a copy of the stipulation of facts that the parties had signed and that we had made part of the record at the beginning of trial. Respondent's counsel directed petitioner to paragraph 12 of that stipulation in which the parties had stipulated that "[d]uring the 2011 tax year, petitioner received $3,843.00 of nonemployee compensation from the County of San Diego Health & Human Services Agency * * * in connection with his caretaking activities." Respondent's counsel then asked Mr. Hussein whether that stipulated paragraph was "a true statement". Petitioner replied: "Yes, true statement. I receive."

Petitioner presented no evidence and made no argument at trial that leads us to conclude that justice requires that paragraph 12 of the parties' stipulation of facts be deemed stricken from that stipulation.

On the record before us, we find that during 2011 petitioner received $3,843 of nonemployee compensation from the County of San Diego Health & Human Services Agency in connection with his caretaking activities. On that record, we hold that petitioner is required to include that nonemployee compensation in his gross income for his taxable year 2011.[3]

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[3]Petitioner presented no evidence and made no argument at trial that he is entitled to deduct for his taxable year 2011 certain expenses that he paid in carrying out his caretaking activities.